# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHARD WILLIAMS,

                                        Plaintiff

          v.

CHARLES DANIELS, *et al.*,

                                        Defendants

Case No.  2:20-cv-01095-APG-DJA

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated at the High Desert State Prison.  On June 18, 2020, Magistrate Judge Albregts issued an order denying plaintiff Richard Williams' application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. ECF No. 3 at 2.  Judge Albregts ordered Williams to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 by August 17, 2020. *Id.* at 2-3.  That deadline has now expired, and Williams has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order

requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Albregts' order expressly stated: "IT IS FURTHER ORDERED that, if

Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $400 filing fee for a civil action on or before August 17, 2020, the Court will dismiss this action <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis*." ECF No. 3 at 3.  Thus, Williams had adequate warning that dismissal would result from his noncompliance with Judge Albregts' order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Richard Williams' failure to file another application to proceed *in forma pauperis* or pay the full filing fee in compliance with Judge Albregts' June 18, 2020 order.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

DATED:  August 25, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3